# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:23-CR-86; |
| | ) 2:23-CR-180-2; |
| BABANGIDA ADAM, | ) 2:25-CV-1668 |
| | ) |
| Defendant. | ) |
| | ) |

## <u>MEMORANDUM ORDER</u>

Before the Court is Defendant Babangida Adam's motion to vacate his sentence under 28 U.S.C. § 2255. After carefully considering the record and the parties' arguments, the Court denies the motion.

To begin with, to the extent that Mr. Adam has raised any claims that do not rise from counsel's ineffectiveness, those claims are barred. Mr. Adam entered into a Rule 11(c)(1)(C) plea agreement, in which he waived his appeal and collateral rights, except for IAC claims. *See* ECF 69, 70. [1] The Court conducted a thorough Rule 11 colloquy with him, and as is clear from the record, Mr. Adam knowingly and voluntarily waived his appeal and collateral rights for all non-IAC claims. ECF 100 at 25:22–27:15.

As to the IAC claims, they all lack merit. The familiar two-pronged *Strickland* test applies for reviewing claims of ineffective assistance of counsel. *Collings v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 546 (3d Cir. 2014). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). When evaluating the first prong, the Court must be "highly deferential" to counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Second, the petitioner

---

[1] Citations to the record come from Mr. Adam's case number 2:23-cr-86 unless expressly noted.

must show prejudice such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "To obtain relief under the *Strickland* standard, the petitioner must establish both deficient performance and prejudice." *United States v. Cannon*, No. 14-213, 2021 WL 140841, at *3 (W.D. Pa. Jan. 15, 2021) (Hornak, J.) (citation omitted). Therefore, "[w]hen a petitioner's claim fails on one prong, the court need not examine the other." *Id.* (citation omitted).

Mr. Adam's IAC claims all fail under this standard. Many of his claims are unsubstantiated by the record and based on vague and conclusory allegations. See *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2021) (conclusory, vague, and unsupported allegations do not warrant evidentiary hearing on Section 2255 petition); *Christie v. United States*, No. Civ. A. 12-988 JLL, 2015 WL 2400048, at *14 (D.N.J. May 20, 2015) (bald assertions "are patently insufficient to establish Strickland prejudice"); *United States v. Wygant*, Cr. No. 16-274, 2019 WL 1778961, at *5 (W.D. Pa. Apr. 23, 2019) (Fischer, J.) (vague and conclusory allegations insufficient) (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991)).

For some claims, Mr. Adam argues that counsel misguided him on the plea agreement, or didn't confer with him enough during the pre-trial process. *See* ECF 89 at 7, 8. Those claims fail because the Court carefully went over the plea agreement with Mr. Adam, and the record shows that he understood all its terms, was making a voluntary decision, and was able to discuss the agreement with his attorney. *See* ECF 100; *United States v. Wilson*, No. CRIM. 1:02-CR-0295, 2007 WL 710275, at *2–3 (M.D. Pa. Mar. 6, 2007) (denying motion to vacate because the court's colloquy showed that the defendant knowingly and voluntarily entered into the plea agreement, which contained appeal and collateral attack waiver provisions); *United States v. Morgan*, No. CR 12-23, 2018 WL 3618251, at *2 (E.D. Pa. July 27, 2018)

(denying Defendant's Section 2255 motion because, "during the guilty plea colloquy, the Court carefully reviewed each provision of the Agreement with Defendant and ensured that Defendant was competent, that the plea agreement had been thoroughly explained to him, and that Defendant had a full opportunity to discuss the agreement with his lawyer and make an informed decision.") (cleaned up).

For other claims, Mr. Adam contends that his lawyer should have challenged certain evidence or made legal challenges and sentencing arguments. *See* ECF 89 at 4–5. But the Court can discern no "winning" arguments that counsel left on the table. Indeed, Mr. Adam was caught on wiretaps conspiring to deal drugs; he was then caught with drugs and a gun; and then he admitted to police that the drugs and gun were his. *See* ECF 105 at 2–3 (citing ECF 76). Nothing in his Section 2255 motion would provide a legal basis to suppress or overcome this overwhelming evidence.

To the contrary, Mr. Adam's counsel performed at an extraordinarily high level. Mr. Adam was easily facing 15 years of imprisonment (potentially more, given the risk of consecutive sentences), yet his counsel was able to negotiate a 10-year sentence. *See* ECF 4; Case No. 2:23-CR-180-2, ECF 34; 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(vi); 841(b)(1)(C). This isn't deficient performance; it's a very good deal.

For all these reasons, the Court will deny the motion. Additionally, "[w]hen a district court issues a final order denying a § 2255 motion, the court must also determine whether a certificate of appealability . . . should issue." *United States v. Davies*, No. 07-cr-436, 2019 WL 6254988, at *2 (W.D. Pa. Nov. 22, 2019) (Conti, J.). To be entitled to a certificate of appealability, Mr. Adam must show that "reasonable jurists would debate whether this court was correct in its ruling." *United States v. Galletta*, No. CR 14-603, 2023 WL 4565477, at *137 n.145 (E.D. Pa. July 17, 2023), *aff'd,* No. 23-2403, 2025 WL 1894945 (3d Cir. July 9, 2025) (citing *Slack v. McDaniel*,

529 U.S. 473, 483–84 (2000)).  This isn't a close call.  "Reasonable jurists" could not muster a debate over this order.  So the Court will not issue a certificate of appealability.

*　　*　　*

**AND NOW**, this 12th day of August, 2026, it is hereby **ORDERED** that Mr. Adam's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF 89) is **DENIED**.  No certificate of appealability shall issue.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

cc:

BABANGIDA ADAM
57645-510
TALLADEGA
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
TALLADEGA, AL 35160